1
2
3
4
5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7

STACY T.,

8

                                  Plaintiff,

NO. 1:20-CV-3044-TOR

9

        v.

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND GRANTING

10

ANDREW M. SAUL, Commissioner
of Social Security,

DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

11

                                  Defendant.

12

13      BEFORE THE COURT are the parties' cross-motions for summary

14  judgment (ECF Nos. 12, 13).  Plaintiff is represented by D. James Tree.  Defendant

15  is represented by Joseph J. Langkamer.  This matter was submitted for

16  consideration without oral argument.  The Court has reviewed the administrative

17  record and the parties' completed briefing and is fully informed.  For the reasons

18  discussed below, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's

19  motion.

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis

proceeds to step two.  At this step, the Commissioner considers the severity of the

claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the

claimant suffers from "any impairment or combination of impairments which

significantly limits [his or her] physical or mental ability to do basic work

activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c),

416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to

several impairments recognized by the Commissioner to be so severe as to

preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§

404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more

severe than one of the enumerated impairments, the Commissioner must find the

claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity

of the enumerated impairments, the Commissioner must pause to assess the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 4

claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

1   adjusting to other work, the analysis concludes with a finding that the claimant is

2   disabled and is therefore entitled to benefits.  *Id.*

3       The claimant bears the burden of proof at steps one through four above.

4   *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

5   step five, the burden shifts to the Commissioner to establish that (1) the claimant is

6   capable of performing other work; and (2) such work "exists in significant

7   numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2);

8   *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

9                           **ALJ'S FINDINGS**

10      In January 2013, Plaintiff filed an application for Title II disability insurance

11  benefits and Title XVI supplemental security income benefits, alleging a disability

12  onset date of October 31, 2012.  Tr. 223, 225.  The applications were denied

13  initially (Tr. 101), and again on reconsideration (Tr. 113).  Plaintiff appeared at a

14  hearing before an administrative law judge ("ALJ") on April 16, 2015.  Tr. 37.  On

15  June 18, 2015, the ALJ denied Plaintiff's claim, which became the

16  Commissioner's final decision.  Tr. 17-32.

17      On February 24, 2017, Plaintiff appealed that decisions to the district court

18  pursuant to 42 U.S.C. § 405(g).  Tr. 637-53.  The Court remanded the matter for

19  further consideration regarding Plaintiff's subjective symptom testimony, the

20  opinions of Dr. Kwon, Ms. Neer, and Dr. Packer, and to make a new step-two

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 6

determination.  Tr. 563.  On December 2, 2019, Plaintiff again appeared before the ALJ for further proceedings in accordance with the Court's ruling.  Tr. 563.

As a threshold matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017.  Tr. 565.  At step one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 31, 2012, the alleged onset date.  Tr. 565.  At step two, the ALJ found the following severe impairments: Crohn's disease and migraine headaches.  Tr. 566.  At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 568.  The ALJ then found Plaintiff had a residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> [Plaintiff] can sit, stand, and walk for six hours each in an eight-hour workday.  She can engage in frequent bilateral upper extremity gross handling and fin[e] fingering.  She can never climb ladders, ropes, and scaffolds.  She must avoid concentrated exposure to hazards, such as heights and dangerous moving machinery.  She is capable of simple routine tasks in two-hour increments.  She can have superficial and occasional contact with the general public.

Tr. 568.

At step four, the ALJ found Plaintiff capable of performing past relevant work as a courier, which did not require performance of work-related activities precluded by Plaintiff's RFC.  Tr. 574.  Additionally, the ALJ made an alternative

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

finding at step-five after considering Plaintiff's age, education, work experience, RFC, and testimony from a vocational expert, concluding there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as an industrial cleaner with approximately 1,000,000 jobs nationally, a laundry worker with approximately 200,000 jobs nationally, and a hospital cleaner with approximately 400,000 jobs nationally.  Tr. 575.  When further limited to only occasional handling and fingering, Plaintiff could still perform the job of a bakery conveyor line worker with approximately 80,000 jobs nationally.  Tr. 575.  The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from October 31, 2012, the alleged onset date, through December 19, 2019, the date of the ALJ's decision.  Tr. 575-76.

Plaintiff again seeks judicial review of the Commissioner's final decision. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for this Court's review:

1.  Whether the ALJ properly evaluated Plaintiff's migraines;

2.  Whether the ALJ properly weighed the medical opinion evidence; and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

1    3.  Whether the ALJ properly weighed Plaintiff's subjective symptom

2        testimony.

3  ECF No. 12 at 2.

## DISCUSSION

### A.    Plaintiff's Migraines

6        Plaintiff challenges the ALJ's findings at steps three and four of the analysis

7  regarding her alleged migraines.  ECF No. 12 at 3-5.  At step three, Plaintiff argues

8  the ALJ failed to properly assess Plaintiff's migraines under Listing 11.02B.  ECF

9  No. 12 at 5.  At step four, Plaintiff argues the ALJ failed to account for her

10  migraines when assessing Plaintiff's RFC.  ECF No. 12 at 3.

11    *1. Listing 11.02*

12        Plaintiff contends the ALJ erred by not finding Plaintiff's migraines met or

13  equaled Listing 11.02B.  ECF No. 12 at 5.  At step three, the ALJ first determines

14  whether a claimant's impairment meets or equals an impairment in the Listing of

15  Impairments (the "Listings").  *See* 20 C.F.R. §§ 404.1520(a)(4)(iii),

16  416.920(a)(4)(iii).  The Listings describe specific impairments that are recognized

17  as severe enough to prevent a person from engaging in substantially gainful

18  activities.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1.  Each impairment is described

19  using characteristics established through "symptoms, signs and laboratory

20  findings."  *Tackett*, 180 F.3d at 1099.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 9

To *meet* an impairment, a claimant must establish she meets each of the characteristics of the listed impairment.  *Id.*  To *equal* an impairment, a claimant must establish symptoms, signs, and laboratory findings "at least equal in severity and duration" to the characteristics of the listed impairment, or, if a claimant's impairment is not listed, to the impairment "most like" the claimant's own.  *Id.*  If a claimant meets or equals one of the listed impairments, the claimant will be considered disabled without further inquiry.  *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

Plaintiff argues the ALJ failed to properly assess her migraines under Listing 11.02B.  ECF No. 12 at 5.  Migraine headaches are not listed impairments under the Listings.  However, the Social Security Administration has identified epilepsy (Listing 11.02) as the most analogous impairment to headache disorders.  SSR 19-4p, 2019 WL 4169635, at *7.  Paragraph B of Listing 11.02 requires documentation with a detailed description of a typical seizure (or equivalent for migraines), occurring at least once a week for at least three consecutive months despite adherence to prescribed treatment.  20 C.F.R. Pt. 404, Subpt. P, App.1 § 1102B.  The policy interpretation regarding Listing 11.02B includes additional factors an ALJ may consider when evaluating a claimant's migraines, such as: whether there are detailed descriptions from an acceptable medical source of the headache event (for example, premonitory symptoms, aura, duration, intensity, and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

accompanying symptoms); the frequency of the headaches; adherence to prescribed treatment and any side effects (for example, drowsiness, confusion, or inattention caused by the medication); and whether the claimant experiences any limitations in functioning (for example, the need for a dark and quiet room, having to lie still, sleep disturbances, or other related limitations). SSR 19-4p, 2019 WL 4169635, at *7.

The considerations under Listing 11.02D are the same as 11.02B, but also include whether the overall effects of the headache disorder result in limitations to: physical functioning; understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing oneself. SSR 19-4p, 2019 WL 4169635, at *7.

Here, the ALJ did not specifically discuss Plaintiff's migraines at step three but nonetheless concluded Plaintiff's medical records did not support the frequency, duration, and level of functional impairment required by any listed impairment. Tr. 568. While boilerplate findings are generally insufficient, an ALJ that makes a finding elsewhere in her decision that would preclude a claimant from establishing step three does not err. *Lewis v. Apfel*, 236 F.3d 503, 512-13 (9th Cir. 2001) (citation omitted). The ALJ addressed Plaintiff's migraines when considering Plaintiff's RFC. Tr. 569-70. The ALJ ultimately concluded the medical records did not reflect the level of impairment alleged by Plaintiff, thus,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

precluding Plaintiff from establishing the severity of her impairments met or equaled Listing 11.02.  Tr. 569.

Plaintiff cites several documents to support her argument that her migraines meet or equal Listing 11.02.  However, Plaintiff's own interpretation of the record cannot overturn the ALJ's conclusions.  "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted).  Plaintiff has failed to prove the ALJ erred when evaluating her migraines under Listing 11.02.  Moreover, the ALJ accounted for Plaintiff's migraines when assessing Plaintiff's RFC, discussed *infra*, finding the alleged severity of the impairment was not supported by the medical record.  The Court finds the ALJ's reasoning for rejecting equivalence under Listing 11.02 is supported by substantial evidence.

## 2. *Residual Functional Capacity*

Plaintiff argues the ALJ erred by failing to account for Plaintiff's migraines in her RFC.  ECF No. 12 at 4.  If an ALJ determines a claimant's impairment does not meet or equal a Listing at step three, the ALJ must then consider at step four whether the claimant has any residual functional capacity ("RFC").  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  RFC is what one can do despite one's limitations and is based on all the relevant medical and other evidence in the case record. *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014) (quotations and brackets

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

1  omitted).  RFC is used at step four to determine if a claimant can perform past

2  work, and at step five to determine if a claimant can adjust to other work.  *Id*.

3        Here, the ALJ determined Plaintiff had the following RFC:

4     [Plaintiff] has the residual functional capacity to perform a full range
      of work at all exertional levels but with the following nonexertional
5     limitations: she can sit, stand, and walk for six hours each in an eight-
      hour workday.  She can engage in frequent bilateral upper extremity
6     gross handling and fin[e] fingering.  She can never climb ladders,
      ropes, and scaffolds.  She must avoid concentrated exposure to
7     hazards, such as heights and dangerous moving machinery.  She is
      capable of simple routine tasks in two-increments.  She can have
8     superficial and occasional contact with the general public.

9  Tr. 568.  To support this conclusion, the ALJ considered all symptoms and the

10 extent to which those symptoms could be reasonably accepted as consistent with

11 the objective medical evidence, opinion evidence, and other evidence.  Tr. 568.

12       Plaintiff argues the ALJ failed to account for Plaintiff's migraines in the

13 RFC.  ECF No. 12 at 4.  Plaintiff relies heavily on the ALJ's 2015 decision,

14 essentially arguing that because the ALJ previously included two additional ten-

15 minute rest periods in Plaintiff's RFC, the removal of those extra breaks in the

16 current decision is harmful error.  See ECF No. 12 at 4.  The 2015 decision was

17 vacated on remand (Tr. 656); therefore, the Court need not consider it now.

18 Moreover, the ALJ explicitly accounted for Plaintiff's migraines when assessing

19 her RFC, but ultimately found the intensity, persistence, and limiting effects of

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 13

1  Plaintiff's alleged symptoms were not entirely consistent with the evidence in the

2  record.  Tr. 569.

3          To illustrate, the ALJ noted a neurological exam in March 2016 revealed

4  unremarkable findings and the neurologist merely increased Plaintiff's migraine

5  medications.  Tr. 946-48.  Plaintiff's other neurological exams revealed similarly

6  intact cranial nerves, normal HEENT exams, and no focal deficits.  *See, e.g.*, 832,

7  873, 883, 887, 893, 900, 986, 1036, 1095.  Beyond increases or changes in

8  medications, no other medical workups, such as imaging, were ordered to address

9  Plaintiff's migraines.  Tr. 570.  Additionally, Plaintiff rarely complained to

10 treatment providers of the need to lie down or remain in bed due to her migraines;

11 references to fatigue appeared primarily on Plaintiff's disability applications and

12 were not directly tied to her migraines.  Tr. 349, 819, 821.  The ALJ also noted

13 treatment providers regularly observed that Plaintiff was not in acute distress

14 during her appointments.  *See, e.g.*, 295, 350, 353, 358, 370, 404, 426, 456, 865,

15 908, 1021.  The ALJ further discussed Plaintiff's ability to carry out daily

16 activities, such as caring for her young child (Tr. 593), running errands (Tr. 360),

17 cleaning (Tr. 360), attending social events (Tr. 829 (attended a concert with her

18 daughter), 858 (attended a concert with friends), 860 (traveled for vacation)),

19 driving for Uber (Tr. 835), and doing household chores (Tr. 835).  Tr. 571-72.

20 Moreover, Plaintiff indicated to providers she has a hard time not pushing "too

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 14

far." Tr. 571 (citing Tr. 836).  Finally, Plaintiff reported she is able to drive a

vehicle without impairment.  Tr. 572 (citing 595, 823, 908, 831).

The ALJ specifically stated her finding regarding Plaintiff's RFC

"accommodated the claimant by limiting her to simple routine tasks with

superficial and occasional contact with the general public" in an effort to

"minimize her exposure to stress, which appears to trigger . . . her flare-ups."  Tr.

572.  The Court finds the ALJ properly accounted for Plaintiff's migraines in the

RFC analysis.  The Court also finds the ALJ's RFC analysis precluded Plaintiff

from establishing Listing 11.02.  Both of these findings were supported by

substantial evidence.

### B.    Medical Opinion Evidence

Plaintiff argues the ALJ erred by not properly assessing the medical opinion

evidence provided by Dr. Daniel Kwon, MD, Dr. Brent Packer, MD, and Shannon

Neer, PA-C.  ECF No. 12 at 5.  There are three types of physicians: "(1) those who

treat the claimant (treating physicians); (2) those who examine but do not treat the

claimant (examining physicians); and (3) those who neither examine nor treat the

claimant [but who review the claimant's file] (nonexamining [or reviewing]

physicians)."  *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001)

(citations omitted).  Generally, the opinion of a treating physician carries more

weight than the opinion of an examining physician, and the opinion of an

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 15

examining physician carries more weight than the opinion of a reviewing physician. *Id.* In addition, the Commissioner's regulations give more weight to opinions that are explained than to opinions that are not, and to the opinions of specialists on matters relating to their area of expertise over the opinions of non-specialists. *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec*, 554 F.3d 1229, 1228 (9th Cir. 2000) (internal quotations and brackets omitted). An ALJ may only reject the opinion of a treating or examining doctor by providing specific and legitimate reasons that are supported by a substantial weight of the evidence, even if that opinion is contradicted by another doctor. *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995). The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

//

//

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 16

### 1. Dr. Daniel Kwon, MD

Dr. Kwon was one of Plaintiff's treating physician who provided a medical report in 2018 for Plaintiff's disability application. Tr. 821-22. Relevant factors to evaluating any medical opinion include the amount of relevant evidence that supports the opinion, the quality of the explanation provided in the opinion, and the consistency of the medical opinion with the record as a whole. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). The ALJ gave no weight to Dr. Kwon's opinion, finding his opinion was inconsistent with the record as a whole. Tr. 573.

To illustrate, Dr. Kwon's 2018 opinion indicated Plaintiff would have to lie down during the day but could not estimate for how long or for what reason because her need to lie down "varies depending on pain." Tr. 821. He also indicated Plaintiff would miss four or more days of work per month but stated "unsure" when prompted to explain the answer and even added a question mark after the estimated missed days. Tr. 822. Dr. Kwon did not provide any additional information to support his conclusions. The ALJ likened his unsupported findings to a legal conclusion, which is reserved for the Commissioner. Tr. 576; C.F.R. §§ 404.1527(d)(1), 416.927(d)(1)).

Moreover, Dr. Kwon's own treatment notes contradict his 2018 report. For example, his treatment notes generally revealed benign examinations of Plaintiff.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

*See, e.g.*, Tr. 318, 446, 824, 394, 446, 479, 483, 870, 925, 930.  Dr. Kwon's 2018

report also conflicted with treatment notes from other providers, which indicated

normal gait (Tr. 426, 883, 976, 1095), full strength (Tr. 321, 473, 947, 1095), intact

sensation (Tr. 426, 1002), and good range of motion (Tr. 321, 426, 947, 954, 967,

975, 993, 1002, 1095).  Finally, Dr. Kwon's opinion is inconsistent with Plaintiff's

own statements regarding her ability to carry out daily activities, such as grocery

shopping (Tr. 360), caring for her young child (Tr. 593), attending concerts (Tr.

829, 858), and driving for Uber (Tr. 835).

Additionally, Dr. Kwon provided a treatment note in 2013 regarding

Plaintiff's impairments.  Tr. 317-18.  The ALJ did not specifically address the

2013 note in the decision presently before the Court, which Plaintiff argues

constitutes error.  ECF No. 12 at 6-7.  Defendant concedes the ALJ erred in this

regard, but argues the error was harmless.  ECF No. 13 at 15.  The Ninth Circuit

has not adopted rigid rules addressing the boundaries of the harmless error

doctrine.  *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015).  Rather, the

determination of whether an error is harmless turns on the facts of each case.

*Molina*, 674 F.3d at 1115.  Generally, error is harmless "where it is inconsequential

to the ultimate nondisability determination."  *Id.* (citation and quotations omitted).

"In other words, in each case we look at the record as a whole to determine

whether the error alters the outcome of the case."  *Id.*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 18

1    Here, the inclusion of the 2013 treatment note would not have altered the

2    ultimate disability determination because the record as a whole supports the ALJ's

3    finding of nondisability.  Therefore, the ALJ's failure to address Dr. Kwon's 2013

4    opinion was harmless error.

5    The ALJ provided clear and convincing reasons supported by substantial

6    evidence for discrediting Dr. Kwon's opinion evidence.

7    *2.  Dr. Brent Packer, MD*

8    Dr. Brent Packer, MD, was a nonexamining physician who completed a

9    Review of Medical Evidence form on behalf of the Department of Social and

10    Health Services, opining Plaintiff was limited to less than sedentary work.  Tr. 573

11    (citing Tr. 364-65).  The weight given to the opinions of state agency medical

12    consultants depends on, *inter alia*, the supportability of the opinion based on

13    evidence in the record and consistency with the record as a whole.  SSR 96-6p,

14    1996 WL 374180, at *2.  An ALJ "may reject a medical opinion if it is conclusory,

15    and inadequately supported by clinical findings."  *Downing v. Barnhart*, 167 F.

16    App'x 652, 653 (9th Cir. 2006) (citation and quotations omitted).

17    Here, the ALJ noted Dr. Packer reviewed only two treatment records and his

18    final opinion was based primarily on Dr. Kwon's 2013 treatment note.  Tr. 573

19    (citing Tr. 317-18).  Thus, Dr. Packer's opinion was "inadequately supported by

20    clinical findings."  *Downing*, 167 F. App'x at 653.  Additionally, the ALJ found

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 19

Dr. Packer's opinion inconsistent with the record as a whole.  For example,

Plaintiff's overall record generally showed a normal gait, full strength, intact

sensation, and good range of motion.  *See, e.g.*, Tr. 426, 473, 883, 1095.  Plaintiff

also did not usually appear in acute distress (*see, e.g.*, Tr. 473, 957, 1002) nor did

she frequently report the need to lie down during the day.  Plaintiff's abdominal

and neurological exams were typically unremarkable.  *See, e.g.*, Tr. 967, 993, 431,

832.  Finally, Plaintiff participated in household and recreational activities (Tr.

360, 593, 829, 835, 858), traveled (Tr. 860), and drove for Uber (Tr. 835).  For

these reasons, the ALJ properly rejected Dr. Packer's opinion because it was

inadequately supported by clinical evidence and inconsistent with the record as a

whole.  The ALJ provided clear and convincing reasons supported by substantial

evidence for rejecting Dr. Packer's opinion.

### 3. Shannon Neer, PA-C

Ms. Neer was a physician's assistant who provided opinion testimony

regarding Plaintiff's ability to perform basic work functions.  Tr. 572 (citing Tr.

347-58, 443, 819-20).  As a physician's assistant, Ms. Neer is considered an "other

source" under the regulations, and thus is not entitled to the same deference as

other medically acceptable sources.  *Molina*, 674 F.3d at 1111 (citation omitted);

*see also* SSR 06-03p, 2006 WL 2329939.  An ALJ may discount testimony from

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 20

"other sources" by providing "reasons germane to each witness." *Molina*, 674 F.3d at 1111.

Here, the ALJ found Ms. Neer's statements were inconsistent with her own treatment notes. Tr. 573. For example, Ms. Neer's opinion indicated Plaintiff would need to lie down during the day for rest. Tr. 348. However, her other treatment notes do not reflect such a need. Moreover, Ms. Neer's exam notes do not explicitly address Plaintiff's headaches or abdominal issues. Tr. 350-51, 353-54, 358. In fact, some of Ms. Neer's exam notes reflect almost no abnormalities. Tr. 456, 458. The ALJ found Ms. Neer's conclusions regarding Plaintiff's inability to carry out basic work functions were essentially legal conclusions, not medical opinions. Tr. 573. The Court agrees. Ms. Neer's opinions are conclusory and inconsistent with the record as a whole. The ALJ properly rejected Ms. Neer's opinion by giving reasons germane to Ms. Neer.

The ALJ did not err in rejecting the medical opinions of Dr. Kwon, Dr. Packer, and Ms. Neer because the opinions were inconsistent with the record as a whole and inadequately supported. The ALJ provided clear and convincing reasons that were supported by substantial evidence in the record and reasons germane to the "other source" witness.

//

//

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 21

## C.    Plaintiff's Subjective Symptom Testimony

Plaintiff asserts the ALJ erred by not properly considering Plaintiff's symptom testimony.  An ALJ engages in a two-step analysis to determine whether a claimant's subjective symptom testimony can be reasonably accepted as consistent with the objective medical and other evidence in the claimant's record. SSR 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "The claimant is not required to show that her impairment 'could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'"  *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted).  General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims.

*Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2. When evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, the following factors should be considered: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7-8; 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 23

1    Here, the ALJ found Plaintiff's impairments could reasonably be expected to

2    cause the alleged symptoms; however, Plaintiff's statements concerning the

3    intensity, persistence, and limiting effects of those symptoms were not entirely

4    consistent with the evidence.  Tr. 569.  In arriving at this conclusion, the ALJ

5    considered several of the factors described above.

6    In regard to Plaintiff's daily activities, the ALJ found she was "not as limited

7    as she alleged."  Tr. 571.  Daily activities may be grounds for an adverse

8    credibility finding if (1) Plaintiff's activities contradict her other testimony, or (2)

9    Plaintiff "is able to spend a substantial part of [her] day engaged in pursuits

10   involving the performance of physical functions that are transferable to a work

11   setting."  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citation omitted).

12   Despite alleging incapacitating migraines, abdominal pain, and nausea, Plaintiff

13   testified at her hearing she could carry out most childcare duties and household

14   chores.  Tr. 571 (citing 593, 596).  Similarly, in 2014 Plaintiff reported she was

15   able to do some cleaning, go grocery shopping, and run errands.  Tr. 571 (citing Tr.

16   360).  In 2018, Plaintiff reported going to a concert with some friends (Tr. 585)

17   and traveling for vacation (Tr. 860).  Tr. 571-72.  In 2019, she attended another

18   concert with her youngest daughter.  Tr. 571 (citing Tr. 829).  Finally, despite

19   alleged chronic pain, Plaintiff reported to providers she often pushed herself "too

20

far" to fulfill obligations, such as parenting, cleaning, driving for Uber, cooking, and starting her own art business.  Tr. 571 (citing Tr. 835-37).

Plaintiff argues her ability to engage in daily activities is consistent with her testimony that she had good days and bad days.  ECF No. 12 at 21.  However, Plaintiff's own interpretation of the record cannot overturn the ALJ's conclusions.  "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted).  While the Ninth Circuit has cautioned against reliance on "certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise" to discount a plaintiff's symptom allegations, the ALJ here considered other factors and found additional reasons for discrediting Plaintiff's subjective symptom testimony.  *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).

As to the location, duration, frequency, and intensity of pain or other symptoms, the ALJ concluded Plaintiff's allegations of chronic migraines and the subsequent need to lie down were inconsistent with her reports to medical providers and the objective medical findings.  Tr. 570.  An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 25

346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch*, 400 F.3d at 680.  However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects.  *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2).

The ALJ found Plaintiff rarely, if ever, reported needing to remain in bed or to lie down because of her headaches.  Tr. 570.  While the ALJ did note Plaintiff reported taking sporadic naps due to sleep disturbances (Tr. 300), those reports occurred in 2012 and were later contradicted in 2019 when Plaintiff denied taking naps because she had "too much to do" (Tr. 834).  Tr. 570.  The ALJ also noted Plaintiff's abdominal pain and nausea was inconsistent with the intensity and duration she reported to providers.  Tr. 570.  Generally, her exams revealed a soft, nontender abdomen with positive bowel sounds.  *See, e.g.*, Tr. 383, 967, 975, 976, 1078.  She also regularly presented as comfortable, healthy, and not in acute distress.  Tr. 1042, 10778, 1090.

Plaintiff argues her subjective symptom testimony cannot be rejected solely because it is not supported by objective medical evidence, and further contends there are no objective medical tests that can corroborate migraine headaches.  ECF No. 12 at 17.  Additionally, Plaintiff asserts her abdominal symptoms (diarrhea and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 26

nausea with occasional vomiting) would not be observable during exams.  ECF No. 12 at 17.  Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed.  *Rollins*, 261 F.3d at 857.  Likewise, it is the ALJ's responsibility to resolve conflicts in the medical evidence.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  As previously noted, "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."  *Burch*, 400 F.3d at 679 (citation omitted).  Moreover, the ALJ did account for Plaintiff's headache and abdominal impairments in her RFC by "limiting [Plaintiff] to simple routine tasks with superficial and occasional contact with the general public" in an effort to "minimize her exposure to stress, which appears to be a trigger for her flare-ups."  Tr. 572.

The ALJ also considered the type, dosage, effectiveness, and side effects of any medications Plaintiff took to alleviate her pain and other symptoms.  "Impairments that can be controlled effectively with medication are not disabling."  *Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006) (citations omitted).  The ALJ cited Plaintiff's reported improvement with medications, in which Plaintiff indicated she felt better and was able to better control her pain and functionality.  Tr. 1077, 850.  In fact, Plaintiff reported no recent symptoms in April 2019.  Tr. 832.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 27

1    Plaintiff cites to the same treatment notes (Tr. 850, 1077) and argues the

2 range in severity of abdominal symptoms is consistent with the nature of her

3 disorder.  ECF No. 12 at 18-19.  To support her argument, Plaintiff points to an

4 emergency room visit five days after her April 2019 examination in which she

5 presented for generalized lower abdominal pain, cramping, sweats, and vomiting.

6 ECF No. 12 at 19 (citing Tr. 952-60).  However, the emergency room treatment

7 notes stated the "lab and radiology results indicate that there is no acute infectious

8 process of the abdomen which would be causing her pain, nor any notable ovarian

9 cyst."  Tr. 956.  Although the CT scan revealed an enlarged CBD (common bile

10 duct), the notes indicated "this finding does not at all correlate with her acute RLQ

11 (acute lower abdomen) abdominal pain."  Tr. 956.  Plaintiff was then discharged

12 and noted to be ambulating without assistance.  Tr. 957.  As discussed *supra*, it is

13 the ALJ's duty to resolve conflicts in the record, and where the ALJ arrives at a

14 rational conclusion that is supported by the record, the ALJ's decision must stand.

15 *Andrews*, 53 F.3d at 1039; *Rollins*, 261 F.3d at 857.

16    Another factor considered by the ALJ was Plaintiff's general credibility as to

17 her functional limitations and restrictions due to pain and other symptoms.  First,

18 the ALJ found Plaintiff's statements regarding the medications she was taking

19 during her pregnancy were inconsistent, which diminished her believability.  Tr.

20 571.  To illustrate, Plaintiff first testified that she quit all medications during

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 28

1    pregnancy, then later testified she was on one medication for her migraines during

2    her pregnancy.  Tr. 599-600.  Plaintiff argues her testimony was not inconsistent,

3    but merely a lapse in memory, as her pregnancy occurred nearly five years ago.

4    ECF No. 12 at 19.

5         The ALJ also evaluated Plaintiff's motivations for seeking disability

6    benefits, citing concerns Plaintiff was seeking the benefits to improve her quality

7    of life outside of work and to access better healthcare.  Tr. 571.  To support these

8    concerns, the ALJ referenced Plaintiff's statements to a care provider expressing

9    frustration that she has not yet received disability benefits, which would allow her

10   to receive better care.  Tr. 571 (citing Tr. 845, 853).  The ALJ also pointed to

11   Plaintiff's hearing testimony in which Plaintiff stated her current healthcare plan

12   did not cover her medical needs.  Tr. 571 (citing Tr. 603).  While the ALJ

13   expressed sympathy for Plaintiff's financial situation, the ALJ noted a disability

14   determination must be based on a claimant's ability to carry out basic work

15   functions, not quality of life or access to resources.  Tr. 571.  Plaintiff argues the

16   ALJ mischaracterized her statements.  ECF No. 12 at 20.

17        While the Court could find Plaintiff's explanations regarding her pregnancy

18   medications and motivations plausible, it is not the role of the Court to review the

19   case *de novo*.  As previously noted, "[w]here evidence is susceptible to more than

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 29

one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch*, 400 F.3d at 679 (citation omitted).

Overall, the Court finds the ALJ provided clear and convincing reasons supported by substantial evidence in the record to discount Plaintiff's subjective symptom testimony.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 12) is DENIED.

2. Defendant's Motion for Summary Judgment (ECF No. 13) is GRANTED.

The District Court Executive is directed to enter this Order, enter judgment accordingly, furnish copies to counsel, and **close the file**.

**DATED** January 27, 2021.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 30